| 36 | 597 |
| f51 | 156 |
| 36 | 597 |
| a167a617 | |

THE PEOPLE OF THE STATE OF NEW YORK ex rel. A. KLIPSTEIN & Co., Relator, *v.* JAMES A. ROBERTS, as Comptroller of the State of New York, Respondent.

*Tax — a New Jersey corporation, a part of whose business in the State of New York is confined to the selling of original packages of imported goods, and a part to the sale of broken packages and domestic goods, is liable to a State tax on its business.*

A corporation organized under the laws of the State of New Jersey, six-sevenths of whose business, carried on in the State of New York, consists of importing from countries in Europe chemicals and dye stuffs and selling the same in the original packages, and the balance in selling broken packages of its imported goods, and also some domestic goods of like character, is taxable under chapter 542 of the Laws of 1880, and under chapter 908 of the Laws of 1896.

Such a corporation, being engaged partly in domestic or interstate commerce, the power of taxing and the regulation of the privilege of doing which business in the State of New York is within the competency of the State, as is also the power to prescribe the basis of its measurement, the statutes imposing and measuring such tax cannot be considered as transcending the legislative power of the State.

CERTIORARI issued out of the Supreme Court and attested on the 24th day of May, 1897, directed to James A. Roberts, as Comptroller of the State of New York, commanding him to certify and return to the office of the clerk of the county of Albany all and singular his proceedings in refusing to revise and readjust an account for taxes audited and stated against the relator for the two years ending November 1, 1895, under chapter 542 of the Laws of 1880, and its amendments, and for one year ending November 1, 1896, under chapter 908 of the Laws of 1896.

The relator is a foreign corporation organized under the laws of the State of New Jersey, with a paid-up capital stock of $200,000. It carried on in the city of New York during the years for which the tax was levied, the business of dealing in chemicals and dye stuffs. Six-sevenths of such business consisted of importing from countries in Europe chemicals and dye stuffs, and selling the same in the original packages as imported. One-seventh of its business consisted of the sale of broken packages of its imported goods, and also of some domestic goods of the like character.

*John B. Green,* for the relator.

*G. D. B. Hasbrouck,* for the respondent.

LANDON, J.:

The Comptroller's return states, " That the value of the capital stock employed by the relator in the State of New York for the three years ending November 1, 1896, was the sum of $200,000, and that in estimating the value of said stock no discrimination of any character was exercised by the comptroller for or against the said stock in determining its value for the purpose of measuring the tax aforesaid, on account of the same, or any part thereof having been the product of other countries than the United States."

The relator insists here, as it did before the Comptroller, that since six-sevenths of its business consisted in foreign commerce, any tax imposed upon such business was in the nature of a regulation of such commerce, and under article 1, section 10, of the Constitution of the United States, giving to Congress the power to regulate commerce with foreign nations, was withdrawn from the power of the State and wholly committed to the United States ; and hence the tax, if any were imposable by the State, was excessive to the extent of six-sevenths of its amount.

If the relator's business had been wholly that of foreign or interstate commerce, it doubtless would be entitled to the exemption it seeks. (*People ex rel. Pennsylvania R. R. Co.* v. *Wemple,* 138 N. Y. 1) unless the fact that it conducted a strictly private business, and not a business of a *quasi* public character like that of a common carrier, would exclude it from the protection accorded to the relator in the case cited, a distinction referred to in the case of *New York State* v. *Roberts,* below cited, as fruitful of difficulty. But as this relator is engaged partly in domestic or *infra* state commerce, and the power of taxation upon the latter business and the privilege of doing it when carried on within this State by a foreign corporation is within the competency of the State, and thus the power to prescribe the basis of its measurement is also within its competency, it follows that the statutes imposing and measuring the tax must be considered, as they may be, as not transcending the legislative power of the State. Such was the intimation of the court in the case above cited — an intimation which is supported by the more recent case of *Osborne* v.

*Florida* (164 U. S. 650) and, as we think, authoritatively confirmed by the recent case of *New York State* v. *Roberts* (171 U. S. 658), decided in October, 1898, by the Supreme Court of the United States upon appeal from the judgment of our Court of Appeals (91 Hun, 158; 149 N. Y. 608). The Supreme Court of the United States says (164 U. S. at p. 664): "No tax is sought to be imposed directly on imported articles or on their sale. This is a tax imposed on the business of a corporation, consisting in the storage and distribution of various kinds of goods, some products of their own manufacture and some imported articles. From the very nature of the tax, being laid as a tax upon the franchise of doing business as a corporation, it cannot be affected in any way by the character of the property in which its capital stock is invested."

The determination of the Comptroller should be confirmed, with fifty dollars costs and disbursements.

All concurred.

Determination of Comptroller confirmed, with fifty dollars costs and disbursements.